## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MANUEL J. RAMOS, JR. #326254**

> **Petitioner,**

> > **Civil No: 04-73736**
> > **Honorable Patrick J. Duggan**
> > **Magistrate Judge Donald A. Scheer**

**v.**

**BARRY D. DAVIS, Warden**,

> **Respondent.**

_____

### OPINION & ORDER
### GRANTING PETITIONER'S MOTION FOR VOLUNTARY
### DISMISSAL OF PETITION FOR WRIT OF HABEAS
### CORPUS AND ALL SUPPORTING DOCUMENTS

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on MAY 4, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT

## I.  Introduction

This matter is before the Court on Petitioner's motion for voluntary dismissal of his habeas petition along with any documents in support of his habeas writ.  On October 4, 2004, Manuel J. Ramos ("Petitioner"), who is presently confined at Ojibway Correctional Facility in Marenisco, Michigan, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of three counts of possession with intent to deliver 50 to 224 grams of cocaine pursuant to MICH. COMP. LAWS ANN. § 333.7401(2)(a)(iii); two counts of

possession with intent to deliver less than 50 grams of cocaine pursuant to MICH. COMP. LAWS ANN. § 333.7401(2)(a)(iv); and one count of conspiracy to possess with the intent to deliver 225 to 649 grams of cocaine pursuant to MICH. COMP. LAWS ANN. § 333.7401(2)(a)(ii).

These convictions arose out of three separate cases that were consolidated for trial. Petitioner was sentenced to mandatory minimum consecutive prison terms of 10-20 years for possession with intent to deliver less than 50 to 224 grams of cocaine, 1-20 years for possession with intent to deliver less than 50 grams of cocaine, and 20 to 30 years for conspiracy to possess with the intent to deliver 225-649 grams of cocaine. The Michigan Court of Appeals affirmed the conviction; and after considering Petitioner's application for leave to appeal, the Michigan Supreme Court denied review of the issues presented.

Petitioner timely filed his Petition for Writ of Habeas Corpus. Also in a timely manner, Respondent filed his Answer in Opposition to Petition for Habeas Corpus. Petitioner has now filed the voluntary dismissal motion presently before the Court. Petitioner articulates no reason or cause why he is seeking voluntary dismissal of his Petition except to say that he wants to dismiss his Petition without prejudice so that he can re-file his "pleadings" when he is "ready." (Mot. at 2). Respondent has filed no responsive pleadings to Petitioner's request.

For the reasons set forth below, the Court grants Petitioner's motion for voluntary dismissal.

2

## II.  Statement of Facts

The Michigan Supreme Court entered its order denying review of Petitioner's claims on September 29, 2003.  Petitioner did not seek a petition for writ of certiorari following the denial of his application for leave to appeal by the Michigan Supreme Court.  Instead, Petitioner filed his habeas petition with this Court on September 24, 2004.  Respondent filed his Answer in Opposition to Petition for Writ of Habeas Corpus on March 21, 2005.  Petitioner subsequently filed a motion to voluntarily dismiss his habeas petition without prejudice on March 31, 2005.  Respondent has not filed a responsive pleading relative to Petitioner's request for voluntary dismissal.

## III.  Standard of Review

A determination relative to whether or not a case should be voluntarily dismissed is within the sound discretion of this Court.  FED. R. CIV. P. 41(a)(2).

## IV.  Law & Analysis

Case law provides that certain factors should be considered by this Court when exercising its discretion regarding a voluntary dismissal issue.  In most cases, "a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit."  *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991).  In determining whether or not a habeas petitioner is entitled to voluntarily dismissal without prejudice, federal courts must "ensure that the petitioner's ability to present the claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas

3

corpus law." *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

Where a state prisoner has sought direct review of his conviction in the state's highest court, but does not file a petition for certiorari with the U.S. Supreme Court, the one-year statute of limitations period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

As previously stated, Petitioner in this case did not seek a petition for writ of certiorari in the U.S. Supreme Court following the entry of the order denying review of his case. Therefore, Petitioner's judgment became final on December 28, 2003, 90 days after the Michigan Supreme Court denied his application for leave to appeal. *See Grayson v. Grayson,* 185 F. Supp.2d 747, 750 (E.D. Mich. 2002). Petitioner, therefore, had one year from December 28, 2003, or until December 28, 2004, in which to timely file a petition for writ of habeas corpus in this court. Petitioner filed his habeas petition with this Court on September 24, 2004, which was 95 days before his filing period expired.

Applying the "plain prejudice" standard, although Respondent spent time and incurred the expense of preparing an answer to Petitioner's Writ of Habeas Corpus, the Court does not find that Respondent has been prejudiced. *See Doster v. Jones,* 60 F. Supp. 2d 1258, 1260 (M.D. Ala. 1999). As of the date Petitioner's voluntary dismissal request was filed, March 31, 2005: (1) this matter had been pending for six months; (2) Petitioner has not been dilatory in the litigation of this matter; (3) Respondent's answer was filed less than one month ago; (4) no opposition to Petitioner's motion has been filed; and (5) no extensive

4

briefing or discovery has been done. Consequently, the Court does not find that Respondent will be prejudiced by the voluntary dismissal of this case.

As for the interests of the Petitioner, the above stated time line relative to Petitioner's court filings and statute of limitations issues provide adequate notice of the time frame in which Petitioner needs to proceed with the litigation of this matter. Consequently, Petitioner's ability to present further claims of any alleged constitutional violations is not jeopardized. Upon review of the time line, the Court finds that Petitioner has sufficient time to seek additional state relief in this matter. *See Dowdy v. Smith,* 2002 WL 31008257 (E.D. Mich. Aug. 12, 2002) (concluding that 94 days from the date the Michigan Supreme Court denied petitioner's application for leave to appeal was deemed sufficient time in which to re-file habeas petition). However, Petitioner is cautioned to file any state relief pleadings very soon after the entry of this Order, as the statutory period begins to run again upon the dismissal of this matter.

## IV.  Conclusion

For the foregoing reasons, the Court grants Petitioner's request to voluntarily dismiss his Petition for Writ of Habeas Corpus.

**IT IS ORDERED** that Petitioner's Motion for Voluntary Dismissal of Petition for Writ of Habeas Corpus and Supporting Documents is **GRANTED.**

**s/PATRICK J. DUGGAN**
**UNITED STATES DISTRICT JUDGE**


Copies to:

Manuel J. Ramos, #326254
N5705 Obijbway Road
Marenisco, MI 49947

Brenda E. Turner, Esq.