UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MANUEL J. RAMOS, JR. #326254**

    **Petitioner,**

                              Civil No: 04-73736
                              Honorable Patrick J. Duggan
                              Magistrate Judge Donald A. Scheer

v.

**BARRY D. DAVIS, Warden**,

    **Respondent.**

_____

**OPINION & ORDER**
**DENYING PETITIONER'S MOTION TO EXTEND TIME**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on
October 11, 2005.
PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On October 4, 2004, Manuel J. Ramos ("Petitioner"), who is presently confined at Ojibway Correctional Facility in Marenisco, Michigan, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On May 4, 2005, this Court granted Petitioner's Motion for Voluntary Dismissal and dismissed the Petition for Writ of Habeas Corpus without prejudice. Presently before the Court is Petitioner's Motion to Extend Time, filed on September 16, 2005. For the reasons set forth below, Petitioner's Motion shall be denied.

**I.    Background**

Following a jury trial in the Oakland County Circuit Court, Petitioner was convicted

of three counts of possession with intent to deliver 50 to 224 grams of cocaine pursuant to MICH. COMP. LAWS ANN. § 333.7401(2)(a)(iii); two counts of possession with intent to deliver less than 50 grams of cocaine pursuant to MICH. COMP. LAWS ANN. § 333.7401(2)(a)(iv); and one count of conspiracy to possess with the intent to deliver 225 to 649 grams of cocaine pursuant to MICH. COMP. LAWS ANN. § 333.7401(2)(a)(ii). These convictions arose out of three separate cases that were consolidated for trial.

Petitioner was sentenced to mandatory minimum consecutive prison terms of 10-20 years for possession with intent to deliver less than 50 to 224 grams of cocaine, 1-20 years for possession with intent to deliver less than 50 grams of cocaine, and 20 to 30 years for conspiracy to possess with the intent to deliver 225-649 grams of cocaine. The Michigan Court of Appeals affirmed the conviction. The Michigan Supreme Court entered an order denying review of Petitioner's claims on September 29, 2003.

Petitioner did not seek a petition for writ of certiorari following the denial of his application for leave to appeal by the Michigan Supreme Court. Instead, Petitioner filed a Petition for a Writ of Habeas Corpus with this Court on October 4, 2004. Petitioner subsequently filed a Motion to Voluntarily Dismiss his Habeas Petition on March 31, 2005. On May 4, 2005, this Court entered an Opinion and Order dismissing the Habeas Petition without prejudice so that Petitioner could seek additional relief. In the Opinion and Order, after setting out a "time line relative to Petitioner's court filings and statute of limitations issues," the Court advised: "Petitioner is cautioned to file any state relief pleadings very soon after the entry of this Order, as the statutory period begins to run again upon the dismissal

of this matter." (May 4, 2005 Op. & Or. at 5).

## II. Discussion

Where a state prisoner has sought direct review of his conviction in the state's highest court, but does not file a petition for certiorari with the U.S. Supreme Court, the one-year statute of limitations period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run on the date that the 90-day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

As previously stated, Petitioner in this case did not seek a petition for writ of certiorari in the U.S. Supreme Court following the entry of the order denying review of his case. Therefore, Petitioner's judgment became final on December 28, 2003, 90 days after the Michigan Supreme Court denied his application for leave to appeal. *See Grayson v. Grayson,* 185 F. Supp.2d 747, 750 (E.D. Mich. 2002). Petitioner, therefore, had one year from December 28, 2003, or until December 28, 2004, in which to timely file a petition for writ of habeas corpus in this court. Petitioner filed his habeas petition with this Court on September 24, 2004, which was 95 days before his filing period expired.

This Court's May 4, 2005 Opinion and Order indicated that Petitioner had 95 days after the entry of the Order voluntarily dismissing Petitioner's case, or until August 8, 2005, to refile his petition.[1] Rule 6(b) of the Federal Rules of Civil Procedure give the Court

---

[1] In his Motion, Petitioner states that he had until September 13, 2005. This is incorrect. Rule 6(a) of the Federal Rules of Civil Procedure provides, in part: "In computing any period of time prescribed or allowed . . . by order of court . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. . . . When the period of time prescribed or allowed is **less than 11 days**, intermediate Saturdays, Sundays, and legal

discretion to extend the time for filings even though the filing is already late if there is good cause or excusable neglect. Nowhere in Petitioner's Motion for Voluntary Dismissal does Petitioner articulate why he wanted to dismiss his petition. Moreover, in his Motion to Extend Time, Petitioner's only "good cause" arguments are that he is proceeding "in pro se, and without a GED. In addition, Petitioner does not comprehensively speak or understand [E]nglish." (Mot. to Extend at 2 (emphasis in original)).

First, the Sixth Circuit has explicitly held that the relaxed pleading standard traditionally afforded to *pro se* litigants does not extend to procedural matters, such as a court-imposed deadline that "a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Second, courts have found that a litigant's lack of education does not excuse noncompliance with a procedural requirement. *See Turner v. Smith*, 70 F. Supp. 2d 785, 787 (E.D. Mich. 1999); *see also McNeil v. United States*, 2002 WL 507821, at *2 (W.D. Mich. Mar. 7, 2002) (noting that, even if *pro se* plaintiff had difficulty comprehending tax laws because of his educational level, the clear language of the notices apprised him when he must act). Third, the Sixth Circuit has clearly held:

> [W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

---

holidays shall be excluded in the computation." FED. R. CIV. P. 6(a) (emphasis added). In this case, however, the period of time prescribed was more than 11 days. Therefore, intermediate Saturdays, Sundays, and legal holidays were included in the computation.

4

*Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

Therefore, the Court does not believe that the fact that Petitioner is proceeding in *pro se*, without a GED, where he does not comprehensively speak or understand English, warrants a time extension so that Petitioner may refile a petition that he sought to have voluntarily dismissed.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Extend Time is **DENIED.**


                                  **s/PATRICK J. DUGGAN**
                                  **UNITED STATES DISTRICT JUDGE**

Copies to:

Manuel J. Ramos, #326254
N5705 Obijbway Road
Marenisco, MI 49947

Brenda E. Turner, Esq.